

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOWELL EDWARD JACKSON, | No. 10-35046 |
| Petitioner - Appellant, | D.C. No. 3:08-CV-00895-KI |
| v. | |
| JEAN HILL, Superintendent, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted November 4, 2010
Portland, Oregon

Before: W. FLETCHER and FISHER, Circuit Judges, and JONES, District
Judge.**

Lowell Edward Jackson appeals the judgment of the district court denying his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

1

28 U.S.C. § 2254 petition for habeas corpus. Jackson was convicted in an Oregon bench trial of compelling and promoting the prostitution of a 15-year-old girl ("JB").

As a threshold matter, Jackson contends that in rejecting his sufficiency claim, the district court improperly relied on the reasoning of the state post-conviction court. Although the district court endorsed the post-conviction court's reasoning by referencing it in its opinion, such a passing reference does not indicate that the district court improperly abrogated its review of Jackson's sufficiency claim. The district court's thorough opinion demonstrates that it extensively examined the record in Jackson's case. The brief reference to the post-conviction court's similar determination regarding the weight of the evidence served only to bolster the district court's independent analysis.

We conclude that, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).

Jackson admitted to driving JB to a motel where she had paid sex with a client while he waited for her outside. The fact-finder could have credited evidence that Jackson played a part in arranging JB's meeting at the motel and in teaching JB the

2

prostitution trade. JB's inconsistent statements, her past history of engaging in prostitution, the dramatic difference in age and maturity between Jackson and JB, their close relationship, and their reactions to one another in the courtroom were before the fact-finder. Finally, the fact-finder could have credited the testimony of two investigating police officers that, based on their training and experience, they believed Jackson to be JB's pimp. This evidence, viewed in the light most favorable to the state, is sufficient to sustain Jackson's conviction.

For similar reasons, we also reject Jackson's claim of ineffective assistance of counsel. To prevail on such a claim, a habeas petitioner must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness as required by the Sixth Amendment, and (2) that counsel's deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Here, Jackson challenges his attorney's failure to object to a single instance of hearsay evidence that referred to Jackson as JB's "pimp." Even assuming that Jackson's counsel was ineffective for failing to object, this failure did not prejudice the outcome of Jackson's trial, given the totality of other evidence presented.

**AFFIRMED.**